FILED
SUPERIOR COURT
OF GUAM

2023 NOV 21 PM 1:21

CLERK OF COURT

BY:_____



## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| SONG-CHU KO,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM KANG,<br><br>Defendant. | CIVIL CASE NO. **CV0211-19**<br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez for hearing on Defendant William Kang's ("Defendant") Motion to Set Aside Sanctions Order, Default and Default Judgment on November 18, 2022, November 21, 2022, January 6, 2023, and March 3, 2023. Present remotely via Zoom were Defendant with counsel, Curtis C. Van de veld, and Plaintiff Song-Chu Ko ("Plaintiff") with counsel, Anita P. Arriola. Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

This matter commenced on March 6, 2019, with the filing of Plaintiff's Verified Complaint for Temporary Restraining Order, Preliminary Injunction and Permanent Injunction. A Temporary Restraining Order and Order to Show Cause was issued the same day, ordering Defendant to appear on March 8, 2019 to show cause why the orders requested by Plaintiff should not continue or be made permanent. At the March 8, 2019 hearing, Defendant appeared with

Attorney Joshua Walsh. Subsequently, on March 26, 2019, Attorney Jeffrey A. Cook substituted as counsel for Attorney Walsh.

On April 2, 2019, Plaintiff amended his Verified Complaint, adding a second cause of action for Assault and Battery, and seeking actual, compensatory, and punitive damages in addition to a preliminary and permanent injunction. On April 26, 2019, Defendant filed his Answer and Counterclaim, also seeking restraining orders and damages against Plaintiff. The parties subsequently agreed to a temporary mutual restraining order. (Preliminary Injunction and Restraining Order, May 10, 2019).

On October 29, 2020, Attorney Cook filed a Motion to Withdraw as Counsel for Defendant, setting forth that Defendant "could not afford to fight the case and wanted to drop the case"; that Defendant "approved a letter from [him] to Plaintiff's counsel advising Plaintiff's counsel of Mr. Kang's intention not to pursue defending or protecting this lawsuit"; that he has not had any contact with Defendant since an email sent on August 12, 2020; and that Defendant did not respond to an October 8, 2020 letter requesting he sign a substitution of counsel whereby Defendant would represent himself pro se. *See* Mot. Withdraw at 2-3, Oct. 29, 2020; Decl. of Attorney Cook, Oct. 29, 2020.

On November 19, 2020, the Court granted Attorney Cook's Motion to Withdraw.

On June 22, 2021, Plaintiff filed a Motion for Sanctions, moving the Court to sanction Defendant for his nonappearance and failure to participate in this matter. The Court first set the matter for hearing on August 10, 2021, and then continued the Motion Hearing to September 9, 2021, to ensure Defendant was served notice of the hearing. Defendant did not appear. The Court subsequently granted Plaintiff's Motion and (1) ordered Defendant pay Plaintiff reasonable costs incurred in the noticed January 13, 2021 deposition; (2) struck Defendant's Answer and Counterclaim filed April 26, 2019; and (3) entered default against Defendant on Plaintiff's First Amended Verified Complaint for Temporary Restraining Order, Preliminary and Permanent Injunctions, and Damages. (Dec. & Order, Oct. 29, 2021).

After considering testimony presented at the Default Hearings on December 9 and 16, 2021, the Court found Defendant liable to Plaintiff for compensatory damages in the amount of

$77,138.10, with interest, and punitive damages in the amount of $10,000.00. *See* Judgment, Jun. 28, 2022. The Court further issued a permanent injunction, enjoining Defendant from harassing, abusing, threatening, disturbing the peace and well-being of Plaintiff, or using or attempting to use physical force or cause bodily injury to Plaintiff; from contacting Plaintiff, directly or indirectly, such as by telephone, letter, email, social media, or through a third party; and from coming within one-hundred (100) feet of Plaintiff, his residence, and place of employment. *See* Permanent Injunction, Jun. 28, 2022. The Judgment and Permanent injunction were personally served on Defendant. *See* Affidavit of Service, Jul. 7, 2022.

On July 20, 2022, Attorney Van de veld entered his appearance in this matter for Defendant.

On July 25, 2022, Defendant filed the instant Motion.

On August 22, 2022, Plaintiff filed his Opposition.

On November 18, 2022, November 21, 2022, January 6, 2023, and March 3, 2023, the Court heard sworn testimony from Attorney Cook, Defendant, and Plaintiff. Based on the testimony, the Court ascertained the following facts:

1. Defendant lived at Unit 2A of Regency Tower Condominium, Tumon, Guam, until he graduated from high school in 2003 and moved to California. When Defendant moved back to Guam, he lived at 2A with his mother. He would stay at Unit 2A for different periods of time (weeks or months at a time) in 2019, 2020, 2021, and 2022. Defendant testified that if he received any mail at Unit 2A, his mother would contact him and let him know.

2. Defendant testified that he was off island throughout 2020 and 2021 for medical care. Defendant could not recall specific dates during his testimony, but indicated that he would stay in various parts of California and Nevada while obtaining medical care.

3. At the inception of this matter, Defendant hired Civille and Tang to represent him, however, due to a conflict, they were unable to represent him and Defendant retained Cunliffe & Cook.

4. Defendant would communicate with Attorney Cook on the phone, through texts and emails, and he also went to Attorney Cook's office sometimes.

5. Plaintiff noticed depositions for Defendant and his mother for July 2, 2020. On July 2, 2020, only Defendant's mother's deposition was taken. Attorney Cook testified that he and counsel for Plaintiff, William Brennan, agreed to reschedule Defendant's deposition to a later date.

6. Attorney Cook testified that on or about August 5, 2020, he had a phone conversation with Defendant regarding this case. During this conversation, Defendant explained that he lacked financial resources to defend against the action and wanted to drop the case. In light of this conversation, Attorney Cook prepared a letter to be sent to Defendant's counsel and transmitted the letter to Defendant.

7. Attorney Cook received approval from Defendant of the letter to be transmitted to Plaintiff's counsel on August 12, 2020. The approval was received via email from Defendant's email address localroots5@gmail.com.

8. On October 8, 2020, Attorney Cook wrote to Defendant requesting for him to sign a substitution of counsel but did not receive any response from Defendant.

9. On October 29, 2020, Attorney Cook moved to withdraw as counsel for Defendant.

10. Attorney Cook could not recall running into Defendant at any social events since he stopped representing Defendant.

11. Attorney Cook testified that he had no further communication with Defendant until after the entry of judgment when Defendant sought a copy of his file.

12. Attorney Cook testified that Defendant never told him that his email address had been hacked. Attorney Cook was never notified by Defendant to contact him at any address other than the localroots5@gmail.com email. Attorney Cook testified that he never received any bounce back emails from the localroots5@gmail.com address, and if he had he would have sought some other way of communicating with Defendant.

13. Defendant told Attorney Cook that he did not want to do anything in the case anymore because he was having health issues. Defendant's mother also discussed this with Attorney Cook.

14. Defendant testified that sometime in August 2020 his email address, localroots5@gmail.com, was hacked and he was unable to receive any emails. Defendant's new email address is wk15@proton.com. Defendant did not write, email, call, or physically go to Attorney Cook's office to inform him that his email had been hacked or that he had a new email address.

15. Defendant acknowledged that he should have kept Attorney Cook informed of his change in communication information but testified that Attorney Cook also had his mother's contact information, and that if Attorney Cook did not get a response from him that he thought Attorney Cook would contact his mother to get in touch with him.

16. Defendant testified that his phone number changed a few times in the past few years. Defendant could not recall the phone number he used to text Attorney Cook.

17. Defendant testified that he would run into Attorney Cook from time to time in public places and Attorney Cook never told him that he had withdrawn as his counsel.

18. Defendant testified that he did not intend to let this matter go to Judgment and that he was just following Attorney Cook's advice.

19. Plaintiff's Motion for Sanctions and related documents were emailed to Defendant at localroots5@gmail.com and mailed to 108 Chichirica St. Regency Tower Condominiums, Unit 2A, Tumon Guam.[1] Defendant testified that he never received the documents either via email or physical mail.

---

[1] *See* Ex. 1 (envelope addressed to Defendant at "108 Chichirica Street, Unit 2A, Second Floor, Regency Towers Tumon, Guam (a portion of the address is obliterated by a label indicating "Return to Sender Not Deliverable as Addressed Unable to forward") with a post mark date of December 21, 2020 and a return date to the Arriola Law Firm on January 11, 2021); Ex. 2 (U.S. Postal Service Certified Mail Receipt date stamped March 19, 2021 to the following address: "108 Chichirica St., Regency Tower Condo, Unit 2A, Tamuning, Guam, 96913" and a Request for Admission of Facts to William Kang attached); Ex. 3 (U.S. Postal Service green return receipt card addressed to "Mr. William Kang 108 Chichirica St. Regency Tower Condo Unit 2A Tamuning GU 96913" and an envelope addressed to "Mr. William Kang 108 Chichirica St., Regency Tower Condo Unit 21 Tamuning, Guam 96912, with

20. Plaintiff testified that any mail addressed to units at the Regency Tower Condominium would be delivered to individual mailboxes on the ground floor. The mailboxes are identified through numbers. Plaintiff testified that he lived in Unit 7A and his mailbox number was 71 and that Defendant lived in Unit 2A and his mailbox number was 21.

21. After default judgment was entered in this matter, Plaintiff moved to Garden City, Kansas in June 2022. Plaintiff sold his condominium unit at Regency Tower and bought a new house in Kansas. His step-son attends high school in Garden City. Plaintiff testified that he felt that he could leave Guam because the case was over.

22. Plaintiff has been working as a radiation oncologist for cancer treatment in Garden City since July 5, 2022. Plaintiff testified he sees more than twenty patients a day, which is higher than the ten to thirteen patients he would see per day on Guam. Plaintiff testified that his patients come from all over Kansas, Oklahoma, and the northern panhandle area of Texas.

23. Plaintiff testified that attending trial remotely via zoom would be difficult for him because of the time difference – 9:30 a.m. on Guam is 5:30 p.m. the evening before in Kansas. Plaintiff testified that for him to attend the hearings regarding the instant matter, he would work all day, attend the zoom hearings, and then have to review patient records afterwards to prepare for work the following day.

---

a stamp indicating "unclaimed" and a return date to the Arriola Law Firm on April 7, 2021 attached); Ex. 4 (U.S. Postal Service Certified Mail Receipt date stamped March 19, 2021, with the following address: "108 Chichirica St. Regency Tower Condo Unit 2A Tamuning GU 96913" and a letter to Defendant from Plaintiff's counsel dated March 18, 2021 and a GRCP Rule 37 and Rule 37.1 Stipulation attached); Ex. 5 (U.S. Postal Service green return receipt card addressed to "William Kang 108 Chichirica St. Regency Tower Condo Unit 2A Tamuning Guam" returned as "unclaimed" and returned to the Arriola Law Firm on August 31, 2021 with a copy of the Motion for Sanctions; Declaration of Counsel in Support of Motion for Sanctions enclosed); Ex. 6 (U.S. Postal Service green return receipt card addressed to "Mr. William Kang 108 Chichirica St. Regency Tower Condo Unit 2A Tamuning GU 96913" returned to the Arriola Law Firm on August 19, 2021); Ex. 7 (U.S. Postal Service certified mail receipt and green return receipt card addressed to "William Kang 108 Chichirica St. Regency Tower Condo Unit 2A Tamuning, Guam 96913" with a letter to Defendant from Plaintiff's counsel and an Amended Notice of Remote Hearing by Zoom for Plaintiff's Motion for Sanctions attached); and Ex. 8 (U.S. Postal Service green return receipt card addressed to "William Kang 108 Chichirica St. Regency Tower Condo Unit 2A Tamuning, Guam 96913 and an envelope returned as "unclaimed" and received by the Arriola Law Firm on September 27, 2021).

24. Plaintiff testified that he was not sure if several witnesses would still be available for trail at this time. This includes Mr. Sunfeng Mao, the contractor who witnessed the incident and the emergency room physician and nurses at Guam Regional Medical City. Plaintiff testified that his wife and step-son would still be available as witnesses.

## DISCUSSION

Defendant moves the Court to set aside its order granting Plaintiff's Motion for Sanctions, entry of default, and default judgment. *See generally*, Mot., Jul. 25, 2023. "Defendant asserts that the entry of a sanctions order pertaining to an alleged discovery violation, the granting [of] default as a portion of the sanction remedy and the granting of a default judgment and permanent restraining order upon proceedings without actual notice to Defendant was improper." (Mot. at 12). Plaintiff opposes, arguing that he will be prejudiced by vacating the default judgment and Defendant's own conduct led to the default judgment. (Opp'n at 2).

Guam Rules of Civil Procedure ("GRCP") Rule 55(c) provides that "[f]or good cause shown, the court may set aside an entry of default and if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Guam R. Civ. P. 55(c) (2022). As default judgment was entered in this matter, the Court looks to Rule 60(b). Rule 60(b) provides relief from judgments or orders for the following reasons:

(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated,

> or it is no longer equitable that the judgment should have prospective application; or

> (6) any other reason justifying relief from the operation of the judgment.

Guam R. Civ. P. 60(b) (2022). "Guam's Rule 60(b) was adopted from Rule 60(b) of the Federal Rules of Civil Procedure." *Brown v. Eastman Kodak Co.*, 2000 Guam 30 ¶ 14.

"Rule 60(b) is remedial in nature and therefore must be liberally applied. . . . default judgments are generally disfavored. Whenever it is reasonably possible, cases should be decided upon their merits." *Pena v. Seguros La Commercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985) (citation omitted). "As a consequence of these two policies, where timely relief is sought from a default judgment *and the movant has a meritorious defense*, doubt, if any, should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits." *Id.* (citation omitted) (emphasis in original). "A court will deny a motion to set aside a default judgment if it is shown that (1) the defendant's culpable conduct led to the default; (2) the defendant has no meritorious defense, or (3) the plaintiff would be prejudiced if the judgment is set aside." *Midsea Indus., Inc. v. HK Eng'g, Ltd.*, 1998 Guam 14 ¶ 5 (citing *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984); *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988); *Price v. Seydel*, 961 F.2d 1470, 1473 (9th Cir. 1992)). "A finding of but one of the three elements is sufficient to deny vacation of a default judgment." *Id.* (citing *Cassidy v. Tenorio*, 856 F.2d 1412, 1415-16 (9th Cir. 1988)).

The first element is whether or not Defendant's culpable conduct led to the default. "A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and failed to answer." *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987) (citations omitted). Defendant argues that he was denied notice and an opportunity to appear and contest the request for sanctions, default, and default judgment. In the alternative, Defendant argues that the events in this matter "are all the result of '(1) mistake, inadvertence, surprise, or excusable neglect;' which afford Defendant relief from Judgment under GRCP Rule 60(b)(1)." (Mot. at 18). Plaintiff opposes, arguing that Defendant was given proper notice of the motion to

withdraw, his deposition, and the motion for sanctions and default judgment and that Defendant's failure to participate in this action was not due to mistake, inadvertence, or excusable neglect.

The Court will first address Defendant's argument that he was denied notice and an opportunity to appear on the Motion for Sanctions. Defendant admitted in his Answer and Counterclaim that his address is 108 Chichirica St. Regency Tower Condo Unit 2A, Tumon, Guam.[2] The Motion for Sanctions and supporting documents, letters regarding discovery, and the notice of Defendant's January 2021 deposition were mailed to the address Defendant admitted and verified was his. Documents were also emailed to Defendant at localroots5@gmail.com, the last known email address provided to his former counsel and to the Court.[3] GRCP Rule 5 provides in relevant part that service is made by:

> (B) Mailing a copy to the last known address of the person served. Service by mail is complete on mailing.
>
> (C) If the person served has no known address, leaving a copy with the clerk of the court.
>
> (D) Delivering a copy by any other means, including electronic means, consented to in writing by the person served. Service by electronic means is complete on transmission; service by other consented means is complete when the person making service delivers the copy to the agency designated to make delivery. If authorized by local rule, a party may make service under this subparagraph (D) through the court's transmission facilities.

Guam R. Civ. P. 5(b)(2) (2022). Rule 5 clearly states that "service by mail is complete on mailing." *Id.* Thus, the Court finds that the fact that the documents were returned to Plaintiff's

---

[2] Paragraph five of the First Amended Verified Complaint set forth the following:

> Defendant William Kang ("Defendant" or "Kang") also resides at 108 Chichirica Street, 2A (second floor), Regency Tower Condominium, Tumon, Guam. Regency Tower Condominium is seven (7) stories tall; with two (2) units per floor. William Kang is about 35 years old, stands 5'9" weighs about 190-200 pounds. He is much larger in size and muscle mass than Plaintiff.

(First Am. V. Compl. ¶ 5, Apr. 2, 2019). In his Answer, Defendant responded to paragraph 5 as follows: "Defendant denies he is much larger in size and muscle mass than Plaintiff. Except as so denied, Defendant admits the remaining allegations in paragraph 5." (Answer & Counterclaim ¶ 5, Apr. 26, 2019).

[3] The Supreme Court of Guam has allowed for service of documents via electronic means from May 2020 through the present. *See* Administrative Orders 20-239 (May 4, 2020) to 22-006 (Aug. 17, 2022).

counsel marked "unclaimed" does not void that service. *See, e.g., Trade Well Int'l v. United Cent. Bank,* 825 F.3d 854 (7th Cir. 2016); *Singh v. Wackenhut Corp.,* 252 F.R.D. 308 (M.D. La. 2008). The Court finds that Defendant was adequately noticed of the proceedings.

The Court next turns to Defendant's argument that his failure to participate in this action was due to mistake, inadvertence, or excusable neglect. In this case, Attorney Cook explained to Defendant the consequences that would ensure from not participating in this matter, namely, that a default judgment would issue. Attorney Cook advised Defendant that he was likely judgment proof due to his lack of assets and inability to work, and could just give up instead of fighting the case. When Attorney Cook sent Defendant a request to review and approve a draft email to Plaintiff's counsel regarding the case indicating as such, Defendant's response to Attorney Cook via email on August 12, 2020 was simply, "looks great, thank you." (Appendix A at 18-19 (Submission of Appendices in Support of Mot.), Jul. 20, 2022). Defendant also admitted in his Declaration that:

> Attorney Cook informed me that if I elected not to proceed to continue to defend, that I could safely choose this option of litigation as I was 'judgment proof' because I did not own any assets or have any income and so if the Plaintiff obtained a judgment against me, the judgment could not be collected as I had nothing to take from me or income to pay. I accepted this advice at that time due to my medical problems and believed that Attorney Cook was correctly advising me.

(Deft. Decl. ¶ 3 (Mot. Set Aside Sanctions), Jul. 25, 2022). After August 12, 2020, Defendant did not notify Attorney Cook that his email was subsequently hacked or that he no longer resided or could receive mail at Regency Tower Condominium Unit 2A. Subsequent emails sent to localroots5@gmail.com, either by Attorney Cook, Plaintiff's counsel, or the Court, were never responded to, nor was there any indication that the email address was no longer in effect (e.g., though a "bounce back" email from the email server/host). Defendant did not provide any explanation as to why he did not tell Attorney Cook that his email was hacked in August 2020 or that he had a new email address. The Court finds that Defendant was sufficiently aware of the consequences of defaulting in this matter, that he accepted those consequences, and that his subsequent conduct was consistent with his counsel's advice. Therefore, the Court does not find

that Defendant's failure to participate was due to mistake, inadvertence, or excusable neglect. In light of this, the Court does not find it necessary to address the remaining two elements and denies Defendant's Motion. *See Midsea Indus., Inc.*, 1998 Guam 14 ¶ 5 ("A finding of but one of the three elements is sufficient to deny vacation of a default judgment.").

**CONCLUSION**

For the foregoing reasons, the Court hereby DENIES Defendant's Motion to Set Aside Default Judgment.

**IT IS SO ORDERED** this 21st day of November, 2023.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam